IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-22,442-05


 

EX PARTE RONALD GRAY, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. D-1-DC-07-202476-B IN THE 427TH DISTRICT COURT
FROM TRAVIS COUNTY


 

            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to twenty years’ imprisonment. The Third Court of Appeals affirmed his
conviction. Gray v. State, No. 03-08-00355-CR (Tex. App.—Austin 2009, pet. ref’d).
            Applicant contends, among other things, that his trial counsel rendered ineffective assistance
because he failed to request an instruction on attempted aggravated assault and to investigate and
present mitigation evidence. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant’s claims. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact and conclusions of law as to whether trial counsel’s
conduct was deficient and, if so, Applicant was prejudiced. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.

Filed: May 21, 2014
Do not publish